[Civ. No. 9157.   First Appellate District, Division Two.—November 1, 1934.]

SADIE S. FOORMAN, Respondent, v. MICHAEL MYERS et al., Appellants.

Alma M. Myers for Appellants.

Edw. R. Solinsky for Respondent.

NOURSE, P. J.—Plaintiff, in two consolidated actions, sought to collect from defendants unpaid rentals under a written lease which was executed January 28, 1930, for a term of two years commencing February 15, 1930, and ending February 14, 1932. The first action was commenced March 23, 1931, covering unpaid rent accrued on January 15th, February 15th and March 15th, which amounted to $525. The second action, commenced on February 23, 1932, was for unpaid rentals from April 15, 1931, to January 15, 1932, which amounted to $1750. The trial court entered judgment for the plaintiffs in both cases—the sum amounting to $2,250 with interest and costs. Defendants have abandoned their appeal as to the first portion of the judgment covered by the action in the sum of $525, but contend that the second portion is erroneous and should be reversed.

The lease states in part that the lessees shall keep the premises in good repair "except roof and outside of dwelling"; that they shall make no alterations without the consent of the lessor; that they waive all right under section 1942 of the Civil Code.

Relying upon their claim of an unsanitary condition of the sewerage system, defendants refused to pay rent for the months of January, February and March, 1931, and on April 3d they vacated the house, declaring that it was untenantable. There is dispute as to whether or not the house was untenantable. Dr. McLean, the health officer, declared that there was a pool of grease and dirt in the yard when he examined the premises around the 28th of March; that there was an odor there; and that since it was near the kitchen door he considered it a health menace and sent notices to both defendants and plaintiff. Other witnesses testified that the sewage was only waste water from the kitchen sink and had no odor. There is also conflict as to the cause of the condition complained of. Dr. McLean testified that the sewerage system was obsolete and should be replaced. Mr. Lee, the plumber who was called by defendants to clean the sump, testified that roots in the

pipe caused the trouble and made it impossible to keep the sump clean. Other evidence was offered tending to prove that the difficulty arose from defendants' failure to keep the hopper and drain clean.

In December, 1930, defendants complained to plaintiff of the unsanitary condition of the drain from the laundry and plaintiff at that time had that condition remedied. There is also evidence of a general complaint made to Mr. Solinsky, attorney for the plaintiff, on March 21, 1931, in the form of an offer to compromise the claim for unpaid rent involved in the first action. As to complaints made directly to Mrs. Foorman and to Rochex and Rochex, her agents, there is a conflict of evidence. Mrs. Foorman stated that the first information she had was the receipt on April 1, 1931, of a notice from the board of health to abate the nuisance within ten days, and that she had the repairs made on April 3d. The defendants moved out four days after the notice was mailed. The agents testified that they had had no notice of the condition arising from the sink, and no complaint since that of December, 1930, relating to the laundry drain.

The trial court found against the defendants upon all these controverted facts and these findings are, of course, conclusive on this appeal. That there is substantial evidence to support these findings cannot be disputed, in fact, the evidence tends strongly to support the claim of plaintiff that the defects complained of were due to the carelessness of the tenants and that the complaints were made primarily for the purpose of affording the defendants an excuse to vacate the premises. In this respect the case is akin to *Grace* v. *Croninger,* 56 Cal. App. 659 [206 Pac. 130], where, under similar evidence, the court held there was no constructive eviction.

Appellants state that the only question of law involved in the appeal is whether the notice to respondent's counsel of unsanitary conditions was notice to respondent which would require her to remedy the condition within ten days thereafter. The notice referred to is the letter of appellants' counsel addressed to respondent's counsel on March 21, 1931, in connection with the claim for rent then due. Throughout the period of the controversy the premises were in the hands of local real estate agents who

the appellants knew were acting as respondent's agents for all purposes relating to the care of the premises. Other complaints had been made to these agents and through them the conditions were remedied. But no complaint was made to such agents or to the respondent covering the defect claimed to have existed in March, 1931. The parties knew that the attorney was an agent for the special purpose of suing for the unpaid rent. They also knew that the real estate agents were acting as agents for respondent in all other matters relating to the lease of the premises. Hence there is no ground for an inference of ostensible or implied authority.

The rule is found in Restatement of the Law of Agency, section 275, page 611, "the principal is affected by the knowledge which an agent has a duty to disclose". It is a settled rule of law that an agent acts in the place of his principal in those matters only which have been committed to him by the principal, and that knowledge of the agent within the limits of his authority is to be deemed knowledge of the principal. (*Atkinson* v. *Foote,* 44 Cal. App. 149, 165 [186 Pac. 831].) But appellants have not cited any authorities, and we have found none, holding that an attorney employed for the special purpose of bringing a suit is bound to disclose to his principal, knowledge of facts which are beyond the scope of his employment and are known to be within the authority of independent agents.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.